**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **O.C.**

**No. 22-825** (Wyoming County CC-55-2022-JA-24)

**MEMORANDUM DECISION**

Petitioner Mother A.G.[1] appeals the Circuit Court of Wyoming County's October 3, 2022, order terminating her parental rights to O.C.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In April 2022, the DHHR filed an abuse and neglect petition against petitioner alleging that petitioner used illicit substances while pregnant with O.C., resulting in O.C. being treated for withdrawal after birth. Testing on the umbilical cord showed positive results for amphetamines, methamphetamines, Subutex, and morphine. Additionally, medical records showed that petitioner tested positive for several illicit substances, including methamphetamines, benzodiazepines, opioids, and amphetamines, at several times during her pregnancy.

Petitioner did not appear for the preliminary hearing but was represented by counsel. Petitioner also did not appear for the adjudicatory hearing but was represented by counsel, who proffered that, after a conversation about rehabilitative services, she had "lost contact" with petitioner. A DHHR worker testified to the allegations in the petition and that, following the preliminary hearing, she attempted to set up services for petitioner, but was also unable to get in contact with her. After receiving testimony and medical records, the court adjudicated petitioner as an abusive and neglectful parent.

---

[1]Petitioner appears by counsel Lela Walker. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Heather L. Olcott. Counsel Timothy P. Lupardus appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

The circuit court held a dispositional hearing on September 29, 2022, and petitioner again failed to appear but was represented by counsel. A DHHR worker testified that she had no contact with petitioner during the entirety of the case and that neither the DHHR nor any service providers were able to reach petitioner. Following the testimony, the court found that petitioner "made no effort to make the changes needed to correct the deficiencies that led" to the filing of the petition; failed to cooperate with the DHHR; "had little or no contact or visitation with" the child; and "failed to attend [multidisciplinary team] meetings, appear for hearings, or participate in a family or child's case plan concerning the child." The court further found that there was no reasonable likelihood the conditions leading to the filing of the petition could be corrected and that termination of petitioner's parental rights is in the best interests of the child. Consequently, the court terminated petitioner's parental rights by order entered on October 3, 2022.[3] It is from this order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). In petitioner's single assignment of error, she argues that the circuit court abused its discretion by "moving so rapidly to terminate the mother's parental rights." In support of this argument, petitioner states, for the time on appeal, that she is dyslexic and could not understand any communication made by her counsel, including letters, phone calls, and mailed copies of court orders. However, petitioner presented an entirely different argument to the circuit court in the proceedings below.

At the dispositional hearing, petitioner, through counsel, claimed she had not received any letters from her attorney because she had been staying at a different address. To this Court, petitioner admits to receiving all of her counsel's communications but argues she could not understand the correspondence due to her dyslexia. Because petitioner raises this issue for the first time on appeal, we find that petitioner has waived this issue. *See Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) ("Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered."); *In re Katie S.*, 198 W. Va. 79, 90, 479 S.E.2d 589, 600 (1996) (declining to address arguments relating to petitioner's medical condition which were raised for the first time on appeal).

Next, petitioner argues that the DHHR made no effort to locate her. However, the record directly contradicts petitioner's argument. At both the adjudicatory and dispositional hearings, the circuit court heard from DHHR workers and counsel on their efforts to locate petitioner, including calls, letters, and attempts to locate petitioner at several possible addresses. Importantly, petitioner did have contact with both the DHHR and her counsel at the onset of the case, demonstrating that petitioner did know how to contact parties involved in the case. Petitioner had a responsibility to remain in contact with her counsel and with the DHHR throughout the case and failed to do so, despite their efforts to keep petitioner involved. Thus, petitioner is entitled to no relief on this basis.

Finally, petitioner argues that she should have been granted a post-dispositional improvement period. Pursuant to West Virginia Code § 49-4-610(3), a circuit court may grant a post-dispositional improvement period where, among other things, the parent "demonstrates, by

---

[3]The permanency plan is for the child to remain in the custody of his father.

clear and convincing evidence, that [the parent] is likely to fully participate in the improvement period." It is unclear on appeal how petitioner believes she satisfied this burden below, given that the record is replete with her failure to contact the DHHR and her counsel, attend court hearings, and otherwise participate in her case. In short, it is clear that petitioner failed to satisfy this burden, and we find no error. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (permitting circuit court discretion to deny improvement period when no improvement likely).

Ultimately, we find no error in the court's termination of petitioner's parental rights because the court had ample evidence upon which to make the necessary findings. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit court to terminate parental rights upon finding there is no reasonable likelihood that conditions of abuse and neglect can be substantially corrected in near future and when necessary for child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected" (citation omitted)).

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 3, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: September 20, 2023


**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

3